O’CONNELL, Justice.
In his petition for writ of habeas corpus Alan Patrick contends that he is an unmarried minor, but that notice of the charges against him which led to his detention was not given to his parents as required by Sec. 932.38j F.S.A.
We issued the writ and respondent has filed a return.
The record shows that petitioner plead guilty to six counts of uttering various forged checks and received an indeterminate sentence of six months to ten years in proceedings held in the Criminal Court of Record of Palm Beach County, Florida-
The respondent’s return admits that petitioner was a minor at the time of the proceedings leading to his present confinement and says that none of the records of the trial court indicate that a formal notice of trial was furnished to the parents of the petitioner. However, in excuse of the lack of notice respondent alleges that the petitioner “had a common law marriage” at the time of his trial and sentence. Respondent also alleges that the forged checks involved herein were drawn on the accounts of petitioner’s grandfather and aunt and therefore it is probable that either or both petitioner’s grandfather and aunt had knowledge of and were responsible for the prosecution of the petitioner. The grandfather denied such knowledge in a statement attached to the respondent’s return.
Respondent suggests to this Court that a hearing be held for the purpose of determin *6 ing the existence or not of a common law marriage by petitioner and to determine whether the grandfather and/or aunt of petitioner had knowledge of the charges against petitioner and the proceedings held thereon.
Petitioner filed an answer to respondent’s return in which he states that at the times he lived with the girl in question she was legally married to another person and that she bore the child of said third person some four months after petitioner met her.
Attached to the return of respondent are depositions taken of the petitioner’s mother and father in August 1961, approximately a month after petitioner filed his petition in this Court.
These depositions show that petitioner’s mother and father were both living in Fort Walton Beach, Florida in June 1958 when petitioner was charged and sentenced for the crimes involved herein and that they had received no notice of the charges against petitioner. They stated that petitioner brought a girl to their home on one occasion prior to June 1958; that petitioner first told them he and the girl were married in Georgia and told several “kids” his age that they were married, but subsequently admitted that he and the girl were not married; that the petitioner and the girl did not stay with them but stayed one or two days with petitioner’s grandmother in Fort Walton Beach; and that the parents had nothing to do with the girl and she left and went to Detroit.
There is nothing in this cause which would indicate that anything would be accomplished by holding a hearing before this Court or appointing a commissioner to hold a hearing to determine whether petitioner’s grandfather or aunt had actual knowledge of the charges against petitioner. There is nothing to indicate that such knowledge or even formal notice to them would have excused the lack of notice to petitioner’s parents.
Respondent suggests that this Court hold a hearing to determine whether petitioner had in fact entered into a common law marriage prior to the charges here involved being made against him. While we could not take evidence at such a hearing we could of course appoint a commissioner to do so. However, the determination of the existence of a common law marriage is a complex matter which ought to be litigated fully under the full procedures of the law.
The determination of the existence, or not, of a common law marriage here would have far reaching implications as to the marital rights and obligations of the petitioner and might also be construed to fix such status, rights and obligations of the girl involved, who would not be a party to the proceedings.
In view of these circumstances we think that the interests of justice will best be served and the intent of the notice statute best accomplished if the petitioner be released from the judgment and sentence in issue and that he be retried on the information pursuant to which the proceedings complained of were had.
Accordingly, the judgment and sentence pursuant to which the petitioner is presently detained is declared to be void and petitioner is entitled to be discharged from custody thereunder; however, respondent shall retain custody of the petitioner in order that he may, on order of the Criminal Court of Record of Palm Beach County, Florida, be held to answer the charge of the information pursuant to which he was originally incarcerated.
It is so ordered.
ROBERTS, C. J., and TERRELL, HOB-SON and THORNAL, JJ., concur.